# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## ON REMAND
---

---
## NO. 03-13-00303-CV
---

**Texas Health and Human Services Commission and Chris Traylor, substituted in his official capacity for former Commissioner Kyle L. Janek, Appellants**

**v.**

**F. Michael McMillen, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-12-002004, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

In this proceeding following remand from the Texas Supreme Court, we consider the remaining contested elements of appellee F. Michael McMillen's Whistleblower claim. The underlying facts and procedural history are detailed in this Court's prior opinion, *see Texas Health & Human Servs. Comm'n v. McMillen*, No. 03-13-00303-CV, 2015 Tex. App. LEXIS 58 (Tex. App.—Austin Jan. 8, 2015) (mem. op.), *rev'd*, 2016 Tex. LEXIS 178 (Tex. Feb. 26, 2016), and that of the Supreme Court, *see McMillen v. Texas Health & Human Servs. Comm'n*, No. 15-0147, 2016 Tex. LEXIS 178 (Tex. Feb. 26, 2016). In the underlying suit, McMillen, a former employee of appellee Texas Health & Human Services Commission's Office of the Inspector General (OIG), sued the Commission and its Executive Commissioner in his official capacity alleging violations of

the Texas Whistleblower Act and the free speech clause of the Texas Constitution. *See* Tex. Const. art. I, § 8; Tex. Gov't Code §§ 554.001–.010 (Whistleblower Act). In our prior opinion, we reversed the trial court's denial of the plea to the jurisdiction of the Commission and its Commissioner and dismissed McMillen's claims for lack of jurisdiction. As to his Whistleblower claim, we concluded that the OIG was not "an appropriate law enforcement authority" to report the Commission's alleged violation of section 1396p of title 42 of the United States Code, a federal civil Medicaid law. *See* 2015 Tex. App. LEXIS 58, at *10–11, 19–20; *see also* Tex. Gov't Code § 554.002(b) (describing when "a report is made to an appropriate law enforcement authority"); 42 U.S.C. § 1396p(b)(1).[1]

McMillen appealed to the Supreme Court, but he did not appeal this Court's dismissal of his free speech claim, limiting his appeal to challenging the dismissal of his Whistleblower claim. As to that claim, the Supreme Court reversed this Court's judgment, held that the OIG was "an appropriate law-enforcement authority" to report the Commission's alleged violation of the federal civil Medicaid law, and remanded the case to this Court with instructions to "consider the remaining elements of this Whistleblower claim." *See* 2016 Tex. LEXIS 178, at *1. We have done so. Considering the remaining elements of McMillen's Whistleblower claim, the Supreme Court's directive, and the jurisdictional evidence and pleadings, we conclude that the trial court has

---

[1] Section 1396p(b)(1) states:

> No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals: [inapplicable exceptions].

42 U.S.C. § 1396p(b)(1).

jurisdiction to consider this claim. Thus, we affirm the trial court's order denying the Commission's plea to the jurisdiction as to the Whistleblower claim.

**Standard of Review**

"A plea to the jurisdiction challenges the court's authority to decide a case." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012). We review a plea questioning the trial court's subject matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject matter jurisdiction exists. *Id.* We construe the pleadings liberally in favor of the plaintiff. *Id.* If the plaintiff has not affirmatively pleaded facts to support jurisdiction or to negate jurisdiction, the matter is one of pleading sufficiency, and the court should provide the plaintiff with the opportunity to amend its pleadings to cure jurisdictional defects. *Id.* at 226–27.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id.* at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When evidence is submitted that implicates the merits of the case, our standard of review generally mirrors the summary judgment standard under Texas Rule of Civil Procedure 166a(c). *Miranda*, 133 S.W.3d at 228; *see* Tex. R. Civ. P. 166a(c). The burden is on the governmental unit to present evidence to support its plea. *Miranda*, 133 S.W.3d at 228. If the governmental unit meets this burden, the burden shifts to the plaintiff to show that a disputed material fact exists regarding the jurisdictional issue. *Id.* We take as true all evidence that is favorable to the plaintiff and indulge every reasonable

inference and resolve any doubts in the plaintiff's favor. *Id*. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact-finder. *Id*. at 227–28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

Generally, governmental entities are immune from suit and liability under the doctrine of sovereign immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Sovereign immunity from suit deprives a court of subject matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Miranda*, 133 S.W.3d at 225–26. The Whistleblower Act, however, waives immunity from suit to the extent a governmental entity is liable under its provisions. *See* Tex. Gov't Code § 554.0035. "The standard for a 'violation of [the Whistleblower Act]' appears in section 554.002(a)." *Lueck*, 290 S.W.3d at 881. "A state or local governmental entity may not suspend or terminate the employment of, or take adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code § 554.002(a).

The elements of a Whistleblower claim "are jurisdictional and may not be waived." *University of Hous. v. Barth*, 403 S.W.3d 851, 854 (Tex. 2013) (per curiam). Under the Whistleblower Act, a plaintiff is required to prove:

> (1) that he was a public employee, (2) that he reported a violation of law in good faith, (3) that the violation of law reported was committed by his employing governmental entity or another public employee, (4) that the report was made to an

4

appropriate law enforcement authority, and (5) that his employing governmental entity took an adverse personnel action against him because of the report.

*Texas Dep't of Criminal Justice v. McElyea*, 239 S.W.3d 842, 849 (Tex. App.—Austin 2007, pet. denied); *see* Tex. Gov't Code § 554.002(a).

**The Supreme Court's Opinion**

In its opinion, the Supreme Court held that the OIG was "an appropriate law-enforcement authority" under the Whistleblower Act to report the Commission's alleged violation of the federal civil Medicaid law at issue. *See* 2016 Tex. LEXIS 178, at *5; *see also* Tex. Gov't Code § 554.002(b). The Supreme Court concluded that the "particular law" that McMillen "reported violated" was section 1396p(b) of Title 42 of the United States Code. *See* 2016 Tex. LEXIS 178, at *5 (agreeing with McMillen that "section 1396p(b) relates to the Commission's program at issue in this case, which allegedly involved attempting to recover Medicaid payments from certain beneficiaries"); *see also* 42 U.S.C. § 1396p(b)(1); *McElyea*, 239 S.W.3d at 850 (requiring "some law prohibiting the complained-of conduct to give rise to a whistleblower claim"). The court then held: "Assuming, without deciding, that McMillen made a good-faith report of section 1396p(b)'s violations to the OIG, we hold that the OIG is an appropriate law-enforcement authority." *See* 2016 Tex. LEXIS 178, at *5.

**Good Faith Report of Law Violation**

On remand, the Supreme Court has instructed this Court "to consider the remaining contested elements of this Whistleblower claim." *Id*. at *1. McMillen does not dispute that the

Commission—and not its Commissioner—is the proper party for his Whistleblower claim. *See* Tex. Gov't Code §§ 554.001(4), (5), .002(a). In its plea to the jurisdiction, the Commission did not challenge or otherwise produce evidence to negate McMillen's factual allegations in his pleadings that he was a "public employee" and that the Commission took an adverse personnel action against him. *See id.* § 554.002(a); *McElyea*, 239 S.W.3d at 849 (listing elements of Whistleblower claim). Thus, the dispositive question on remand is whether McMillen's pleadings and evidence, taken as true, create a fact issue as to the remaining contested element of McMillen's Whistleblower claim against the Commission—whether McMillen "in good-faith report[ed] a violation" of the federal civil Medicaid law. *See* Tex. Gov't Code § 554.002(a) (protecting "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority"); *Lueck*, 290 S.W.3d at 881 (requiring claimant to "actually allege a violation of the Act for there to be a waiver from suit" and considering elements under section 554.002(a) "in order to ascertain what constitutes a violation, and whether that violation has actually been alleged"); *Miranda*, 133 S.W.3d at 227–28 (applying summary judgment standard of review when parties submit jurisdictional evidence).

"The Texas Supreme Court has held that in the context of the whistleblower statute, good faith is analyzed using an objective standard and a subjective standard." *See McElyea*, 239 S.W.3d at 849–50 (citing *Wichita Cty. v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996)). "'Good faith' means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience." *Hart*, 917 S.W.2d at 784. "The test's first element—the 'honesty in fact' element—ensures that a public

6

employee seeking a whistleblower-statute remedy believed that he was reporting an actual violation of law." *McElyea*, 239 S.W.3d at 850 (citing *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002) (citing *Hart*, 917 S.W.2d at 784–85)). "The test's second element ensures that even if the reporting employee honestly believed that the reported act was a violation of law, the reporting employee only receives protection if a reasonably prudent employee in similar circumstances would have believed that the facts as reported constituted a violation of law." *Id.*; *see Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 189–91 (Tex. App.—Dallas 2012, pet. denied) (discussing required showing to satisfy "good faith" component of Whistleblower claim and reviewing factual allegations in report to determine if allegations "would, if true" constitute violation of law or good faith belief of violation of law).

In his response to the plea to the jurisdiction, McMillen, who was an attorney with over twenty years of experience, argued that he "reported actual violations of law or, at the very least, what he believed and continues to believe in good faith to be violations of law" and identified the federal civil Medicaid law, section 1396p of Title 42 of the United States Code, as among the laws that the Commission was violating. *See* 42 U.S.C. § 1396p(b)(1). McMillen also presented evidence in response to the plea to the jurisdiction that included his affidavit, a copy of his June 2011 memorandum to the OIG, and a copy of pleadings from a California class action "challenging similar practices by that state's Medicaid agency," which class action McMillen referenced in the June 2011 memorandum. In that class action, the plaintiffs alleged that the California Department of Health Services was violating the federal prohibition in section 1396p against the recovery of Medicaid benefits correctly paid. In his affidavit, McMillen averred about the practices that he believed to be

illegal and identified section 1396p of Title 42 of the United States Code as the law "in [his] good faith belief" that the Commission was violating "by improperly taking payment reimbursements from Medicaid recipients for procedures validly and legally paid for by the federal government."

In its briefing to this Court, the Commission argued that McMillen did not report a violation of law because he was "the recipient, rather than the discloser, of information pertaining to a possible violation." The Commission argued that the June 2011 memorandum was prepared at the instruction of his supervisor who asked McMillen "to determine legal authority in support of the [OIG] program or legal authority that prohibits it" and that McMillen's "attempts to categorize his reiteration of those facts to his supervisor as an actionable report" do not satisfy the Whistleblower Act. The Commission also challenged McMillen's objective good faith—that a "reasonably prudent employee in similar circumstances" would have believed that he was reporting a violation of law—and his subjective good faith—that he honestly believed that he was reporting a violation of law. *See McElyea*, 239 S.W.3d at 849–50 (discussing good faith element of Whistleblower claim). The Commission contended that "McMillen was equivocal as to the lawfulness of the OIG practice, at issue," the memorandum "does not purport on its face to identify any legal wrongdoing," "[a]n employee's citation to an actual law *is* relevant to establishing good faith," and "it is highly relevant when the employee is an attorney with legal training and experience." *See Barth*, 403 S.W.3d at 858 (holding that, "given [plaintiff]'s legal training and experience as a practicing attorney, [plaintiff] failed to meet the objective component of the good-faith test for reporting a violation of law to an appropriate law enforcement authority"). The Commission points out that the June 2011

8

memorandum did not expressly identify section 1396p of Title 42 of the United States Code as being violated by the OIG program at issue.

Although the June 2011 memorandum did not expressly cite the federal civil Medicaid law, it referred to the California class action that involved an allegedly similar program to the Commission's OIG program. And, in his affidavit, McMillen averred:

> Although [the June 2011] memo, itself, does not expressly cite § 1396p, it was clearly understood by all those with whom I spoke about this issue, then and going forward, (delineated below) that I was referring to this federal statute, both in and of itself and also as pleaded in a federal class action lawsuit that was also part of the materials I researched, discussed with my reports, and turned in . . . .

McMillen also averred about his subjective good faith—that he honestly believed that he was reporting a violation of the federal civil Medicaid law—and his objective good faith based, in part, on the pleadings from the California class action that challenged the allegedly comparable state program based on the federal civil Medicaid law. Further, as previously stated, the Supreme Court concluded that the "particular law" that McMillen "reported violated" was section 1396p(b) of Title 42 of the United States Code. *See* 2016 Tex. LEXIS 178, at *5. The Supreme Court also stated: "Based on the limited record before us, we agree with McMillen that section 1396p(b) relates to the Commission's program at issue in this case, which allegedly involved attempting to recover Medicaid payments from certain beneficiaries." *Id*.

Guided by the Supreme Court's conclusions based on the same record that is before this Court and taking as true the jurisdictional evidence that is favorable to McMillen and indulging every reasonable inference and resolving any doubts in McMillen's favor, we conclude that the

9

evidence creates fact issues regarding whether McMillen in good faith reported a violation of the federal civil Medicaid law. *See* Tex. Gov't Code § 554.002(a); *Miranda*, 133 S.W.3d at 228. Thus, considering the remaining contested element of McMillen's Whistleblower claim, we conclude that the trial court properly determined that it had jurisdiction over this claim.

## CONCLUSION

On remand from the Supreme Court, we affirm the trial court's order denying the Commission's plea to the jurisdiction as to McMillen's Whistleblower claim.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed on Remand

Filed:   June 8, 2016